OPINION OF THE COURT
Alan J. Saks, J.
Motion by judgment creditor for an installment payment order pursuant to CPLR 5226 is granted to the extent of determining that judgment debtor Herbert Sylvester is attempting to impede the movant, by rendering services without adequate compensation, and referring to Trial Term, Part 10, the issue as to the reasonable value of the services rendered and the proportion of such reasonable value that the court should order Herbert Sylvester to pay in specified installment payments, to hear and report, with recommendations.
A judgment in this action was entered on October 29, 1979 in the amount of $53,878.81 against Sylvester Builders, Inc., and Herbert and Frances Sylvester. Attempts to satisfy the judgment have so far been unsuccessful.
According to the deposition of Herbert Sylvester, taken in supplementary proceedings, the corporate debtor is presently dormant, and its only assets are dependent on the outcome of other pending litigation. Plaintiff’s present efforts at satisfying the judgment are directed at Herbert *149 Sylvester, who, according to plaintiff, personally guaranteed the corporate debts.
Plaintiff contends that Sylvester is presently employed and attempting to avoid paying the judgment by rendering services without adequate compensation. Specifically, plaintiff claims that Mr. Sylvester is now performing the same functions gratis for Styco, Inc., as he previously performed for Sylvester Builders for pay. It appears that Styco, Inc., is either owned or controlled by Sylvester’s present fiancée. In his deposition, he admits that he supervises his fiancée’s interest in the business to the extent of supervising the construction of certain town houses expected to be worth from one to two million dollars and that he has the use of a 1983 Cadillac. However, he protests that he is receiving no compensation for his services; that whatever money he possesses has been borrowed from Styco; and that he currently lives with and is supported by his fiancée.
Although Sylvester claims that he is receiving no salary from Styco because that corporation has not yet begun earning any money, it is obvious that a construction supervisor is entitled to compensation, whether or not the construction company is presently earning a profit. If Sylvester’s argument were accepted at face value, it would follow that no construction employee would be entitled to be paid until the project were completed and started to show a profit.
Defendant’s contention that the motion should be denied because improperly brought pursuant to CPLR 5225 instead of CPLR 5226 is frivolous, since his papers opposing the motion were addressed to issues under both sections.
The issues referred for hearing and report are:
(1) What is the fair and reasonable value of the services rendered by Henry Sylvester as construction supervisor?
(2) What proportion of said fair and reasonable value shall he be ordered to pay the judgment creditor, in specified installment payments?
Pending receipt of such report, final determination shall be held in abeyance. Plaintiff’s counsel is directed to serve *150 a copy of this order, within 10 days after publication of notice hereof in the Law Journal, on the Office of Referees, room 308-M, for the purpose of obtaining a calendar date.